[No. 6870.]

Kyle v. Abernathy, County Superintendent, et al.

1. **Public Officers—De Facto**—The acts of a de facto officer are, so far as they concern the public or third persons interested, valid, and cannot be collaterally assailed.—(215)

2. **High Schools—Directors—Election**—The election of directors to a high school district under chapter C, Laws of 1900,. is valid.—(216)

3. **Constitutional Law**—Where a statute is in substantial conformity with the law of the territory in force at the time of the admission of the state, and with the legislation of the state ever since, and to declare it invalid would leave the high school districts without funds or control, greater weight than in ordinary cases will be accorded to the legislative interpretation provision of the constitution.—(216)

*Error to Montrose District Court*—Hon. Sprigg Shackelford, Judge.

Mr. T. J. Black, for plaintiff in error.

Messrs. Bell, Catlin & Blake, and Mr. James H. Pershing, for defendant in error.

*Per Curiam.*—At an election held by the voters of the Montrose county high school district under the provisions of the act of 1909, approved with an

emergency clause April 3, 1909, bonds were voted for the purpose of funding floating indebtedness. Alleging that the high school committee, which is the body authorized by law to issue and sell the bonds so voted, is an illegal body in this—that the members were not elected by the qualified electors of the district—this action was brought to restrain the issuance, the sale, or the delivery of the bonds so voted. A general demurrer to the complaint was sustained. The plaintiff elected to stand by his complaint, and judgment was thereupon rendered for the defendants. The plaintiff brings the cause to this court for review by writ of error.

The chief and only point seriously urged by plaintiff in error is, that the selection of the high school committee of the Montrose county high school district in the manner provided by the statute was violative of sec. 15 of art. IX of the constitution. The statute providing for the organization of the high school district is not challenged, and it is alleged in the complaint that the individuals named as defendants "have constituted the *de facto* high school committee in said district and in all things assumed to act, and acted for and represented the said Montrose county high school district."

As it is conceded that the persons calling the election, and who are proposing to issue the bonds voted, are *de facto* officers of the high school district, the judgment must be affirmed.

The acts of *de facto* officers are valid, so far as they concern the public or third persons who have an interest in the things done, and such acts cannot be collaterally attacked—*Butler v. Phillips*, 38 Colo. 378.

As this disposition of the case leaves the constitutional question undetermined, we deem it but proper, in as much as we are advised that several

other districts of the state have proceeded to issue bonds under the provisions of the law of 1909, to observe that the law (chapter 100, Laws of 1899) under which the high school district was organized and the high school committee selected, and the law of 1909 contain practically the same provisions with respect to the selection of a high school committee as are found in the territorial law as it existed at the time of the adoption of the constitution, and as re-enacted by the first general assembly. Up to this time the power of the legislature has not been questioned, and high schools in many rural communities and towns of the state have been erected and maintained upon the assumption that the law is valid. To now declare the law invalid would bring confusion to the educational branch of our government and would leave the high school districts of the state without funds and without management. The first legislature and the succeeding ones have construed the constitution as not prohibiting the enactment of these laws. Under the conditions shown to exist, it having had the silent acquiescence of the people for so many years, the courts should show greater deference to the legislative interpretation than is usual under ordinary conditions.

For the reasons given the judgment will be affirmed.    *Affirmed.*

Mr. JUSTICE GABBERT not participating.